[Civ. No. 2340. First Appellate District.—April 30, 1918.]

JAMES J. FLINN et al., Respondents, v. EDWIN R. ZION, Appellant.

MUNICIPAL CORPORATIONS—STREET WORK UNDER PRIVATE CONTRACT IN SAN FRANCISCO—RUNNING OF STATUTE OF LIMITATIONS—RESOLUTION OF ACCEPTANCE.—Under article VI, chapter I, section 22, and chapter II, section 9, subdivisions 9 and 10, of the charter of the city and county of San Francisco, providing that private contracts for street work shall be done under the direction and to the satisfaction of the board of public works, and that such satisfaction shall be declared by resolution, the statute of limitations does not start to run against the contractor until the adoption of such resolution, regardless of the time of the actual completion of the work.

ID.—APPLICABILITY OF CHARTER PROVISION TO CONTRACTS.—The requirement of article VI, chapter I, section 22, of the charter of the city and county of San Francisco that private contracts for street work must contain a "provision" that all materials used must be to the satisfaction of the board of public works, applies to all contracts for street work, public as well as private, in so far as the statute of limitations is concerned.

ID.—PERMIT FOR STREET WORK.—The charter of the city and county of San Francisco nowhere provides that the person actually performing street work under a private contract must himself obtain the permit, the only requirement being that such permit be obtained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

H. M. Anthony, for Appellant.

Fabius T. Finch, and Paul F. Fratessa, for Respondents.

KERRIGAN, J.—This is an action brought to recover the sum of $341 for grading and sewering Forty-ninth Avenue, San Francisco, in front of the defendant's property. The contracting firm of Raish & Clark had a private contract for doing this work signed by all the property owners except defendant. This firm assigned its contract to plaintiffs herein to do the work, and defendant contracted with the assignees

for his frontage. Judgment was rendered against the defendant for the sum sued for, and defendant appeals.

Two grounds are urged for reversal—first, that the action is barred by the statute of limitations; second, that the contract is unlawful for the reason, it is claimed, that the work was done without a permit from the board of public works.

We do not consider there is merit in either contention.

With reference to the first, while it appears that the physical work was completed on March 11, 1914, it was not until April 13th following that a resolution was adopted by the board of public works accepting the work. Suit was filed March 24, 1916, which was in ample time. The claim of appellant that the statute commenced to run from the actual completion of the work and not from the date of the acceptance cannot be maintained. This contention is based upon the assumption that the contract, being a private one, no acceptance of the work was required, the charter containing no provision for the acceptance of such contracts. We do not so read the act. Its provisions with reference to street work are to be found in article VI thereof. Subdivisions 9 and 10 of section 9, chapter II, of that article deal with the performance of private contracts for grading and other characters of street work. It is true that nowhere in these subdivisions is there any express provision made for acceptance by the board for work done thereunder. Section 22 of chapter I, however, provides that all work performed under article VI must be done under the direction and to the satisfaction of the board of public works, and that the materials used must be in accordance with specifications, and also to the satisfaction of the board, and that all contracts provided for under article VI must contain a provision to that effect. The section further provides that when work shall have been completed to the satisfaction and acceptance of the board, it shall so declare by resolution, and thereupon deliver to the contractor a certificate of acceptance. Counsel for the appellant seeks to avoid the force of this section by claiming that it applies only to public written contracts where an assessment is made; and that his contract being a private and oral one, the section does not apply to it. In this behalf it is argued that the section, by requiring that contracts contain a provision that the work be done under the direction and to the satisfaction of the board, indicates by the use of the word "provision" that a

written contract was intended. The section does not admit of such a construction. By the adoption of this section the manifest intention of the framers of the charter was to have the charter provisions in relation to street work form a part of all contracts for street work, public as well as private, and to place the performance of such contracts under the supervision and control of the board of public works. The contract under which the work in question was performed is not before us, but appellant agreed with the contractor to pay for his proportion of the same, and the work having been performed, upon its acceptance by the board a right of action accrued against him, and he became liable for the amount agreed upon.

The claim that the contract is unlawful is based upon the assumption that no permit to perform the work was ever obtained from the board.

The record shows that a permit was obtained by Raish and Clark before the work commenced, and thereafter and before its completion a renewal in modified form was had. The charter nowhere provides that the person actually performing the work must himself obtain a permit, the only requirement being that such permit be obtained. This was done.

From what we have said it follows that the judgment should be and it is hereby affirmed.

Zook, J., *pro tem.,* and Beasly, J., *pro tem.,* concurred.